12.   For these reasons I ask this Honorable Court to grant the **maximum** allowance for statutory damages due to the fact that such actions are *per se* intentional and do not and cannot occur without the willful and intentional modification of electronic equipment, the willful and fraudulent misrepresentation of a commercial establishment as a residential one, the removal of cable traps or devices designed to prevent such unauthorized exhibits, or other willful and/or international acts purposely designed to obtain our programming unlawfully.

13.   I am also troubled by the fact that the Courts have placed undue weight upon whether the *promotion* of programming by the signal pirates (rather than the *exhibition* of the programming itself) was done willfully and/or for commercial benefit.  I would ask the Court to recognize that the willful and purposeful acts necessary to intercept and exhibit the programming precede whatever steps are, or are not taken, by the pirate establishment to promote our programming to their customers.

14.   I would also ask the Court to recognize that the pirates do not generally advertise the fact that they intend to exhibit our programming unlawfully to the public for the practical reason that they wish to avoid the unessential risk of detection.  This of course does not preclude the very real possibility fact that the unlawful exhibition may well have been promoted by word of mouth or advertising that went undetected by the auditors, to their own customers to increase their financial gain on the night our fights are broadcast at their establishment.

15.   In addition, it is extremely unlikely that a pirate establishment would increase the costs of food or drink on the evening they broadcasting one of our programs unlawfully.  In my personal experience gained through many years in the promotion industry, it is most uncommon that even our legal locations would employ such a method to recover some of our commercial license fee back from their own

customers.  I would point out however that since our auditors do not benchmark the prices charged for food or drink at the pirate locations subsequent to conducting the field surveillance on the evening our programming is broadcast, it is undetermined whether the prices paid by an auditor at a pirate location on fight night are in fact less than or equal to the normal prices charged by the pirate establishments.

16.    In this instance, I would further request that the Court take notice that the instant pirate establishment obtained a cover charge from its patrons and to view our company's program.  As noted within the sworn affidavit of the auditor, payment of the ten dollar ($10.00) cover charge being collected from customers was a prerequisite for entry to the establishment while the exhibition of our programming was taking place.

17.    Clearly, this establishment with multiple television monitors, and a physical location in a major metropolitan area, had no justification to steal our programming and exhibit it for its own financial benefit, except to deny our company the commercial license fee to which was rightfully entitled.

///
///
///
///
///
///
///
///
///
///

**WHEREFORE** I respectfully request that this Court grant our request for enhanced statutory damages and our prayer for actual damages, plus our legal costs along with the attorneys' fees counsel has requested, and that such amounts be awarded against each of the defendants named in this action and in our favor.

Respectfully submitted,

Dated: March 18, 2008        _____

**JOSEPH M. GAGLIARDI,** President
Garden City Boxing Club, Inc.

Sworn to before me on this _____ day

Of _____, 2008

_____
     NOTARY PUBLIC

See attached document

///
///
///
///
///
///
///

# CALIFORNIA JURAT WITH AFFIANT STATEMENT

☒ See Attached Document (Notary to cross out lines 1–6 below)
☐ See Statement Below (Lines 1–5 to be completed only by document signer[s], *not* Notary)

1 _____
2 _____
3 _____
4 _____
5 _____
6 _____

_____    _____
Signature of Document Signer No. 1          Signature of Document Signer No. 2 (if any)

State of California

County of  Santa Clara

Subscribed and sworn to (or affirmed) before me on this

18 th day of  March , 20 08 , by
        Date                    Month                    Year

(1)  Joseph M. Gagliardi ,
                        Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me (.) (,)

(and

(2)  n – a ,
                Name of Signer

proved to me on the basis of satisfactory evidence to be the person who appeared before me.)

Signature  Sharon Cunningham
                    Signature of Notary Public

SHARON CUNNINGHAM
Commission # 1779347
Notary Public - California
Santa Clara County
My Comm. Expires Nov 10, 2011

Place Notary Seal Above

─── **OPTIONAL** ───

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Further Description of Any Attached Document**

Title or Type of Document:  Plaintiff's Affidavit

Document Date:  March 18, 2008     Number of Pages:  8

Signer(s) Other Than Named Above:  none

RIGHT THUMBPRINT
OF SIGNER #1
Top of thumb here

RIGHT THUMBPRINT
OF SIGNER #2
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5910   Reorder: Call Toll-Free 1-800-876-6827

